The STATE of Ohio, Appellee,

v.

MEZGET, Appellant.

[Cite as *State v. Mezget,* 169 Ohio App.3d 714, 2006-Ohio-6347.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2006–L–014.

Decided Dec. 1, 2006.

Ron M. Graham, Mentor City Prosecuting Attorney, for appellee.

Neil R. Wilson, for appellant.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} This appeal stems from a judgment of the Painesville Municipal Court in Lake County, Ohio charging defendant-appellant, Frank L. Mezget, with violating Section 13 of the Zoning Resolution of Leroy Township. For the reasons that follow, we reverse.

{¶ 2} In August 2004, Myron Telencio, the Leroy Township Zoning Inspector, received a complaint alleging that appellant had an accessory building on his property that was being inhabited in violation of the Zoning Resolution of Leroy

Township ("zoning resolution"). On October 16, 2004, Telencio conducted an investigation of appellant's property, after which he determined that the alleged accessory building was uninhabited. However, during his inspection, Telencio observed a total of seven alleged accessory buildings on the property. Telencio determined that only two of the seven total accessory buildings on appellant's property had zoning certificates.[1] Pursuant to the zoning resolution, Telencio concluded that each accessory building required a zoning certificate. Accordingly, on September 16, 2005, Telencio filed an Affidavit on Complaint with the Painesville Municipal Court, alleging that the five accessory buildings, viz., a tent shelter with no foundation, three utility sheds without foundations, and a trailer, lacked zoning certificates and were therefore in violation of Section 13 of the zoning resolution. The complaint read:

{¶ 3} "On October 16, 2004, I personally observed seven (7) accessory buildings on the property of 7171 Kniffen Road. Upon reviewing the Zoning records for this property, only two certificates were issued for accessory buildings. It was determined that five of the seven accessory buildings are in violation of Section 13 of Leroy Township Regulation, which states:

{¶ 4} " '13.1 A Zoning Certificate shall be required for any of the following except as herein provided:

{¶ 5} " '1. Construction or structural alteration of any building including accessory buildings or structures.

{¶ 6} " '13.2 A Zoning Certificate shall be obtained before any construction, alteration, use or change of use as specified in this Section shall take place. Failure to obtain a valid Zoning Certificate before starting any construction, alteration, use or change of use as specified in this Section shall result in a fee being assessed for twice the amount as would have been required if the Zoning Certificate had been issued prior to starting of activity.' "

{¶ 7} On November 7, 2005, appellant filed a pretrial motion to dismiss the complaint, which was later denied by the trial court. Trial commenced on December 6, 2005; at the close of the state's evidence, appellant moved the court to dismiss the complaint based upon the state's failure to prove any violation. The trial court overruled appellant's motion, and on December 13, 2005, appellant was found guilty of violating Section 13 of the Leroy Township Zoning Resolution. Appellant was ordered to pay a fine of $100, which could be purged if he

---

1. The two buildings that had zoning permits were permanent structures with concrete footers and floors. The five remaining buildings for which appellant was cited included a tent shelter with no foundation, three utility sheds without foundations, and a trailer, all of which were mobile and moved from time to time.

was in compliance by January 6, 2006. The execution of the judgment was stayed pending the outcome of the instant appeal.

{¶ 8} Appellant assigns the following as errors our consideration:

{¶ 9} "[1.] The trial court erred in finding that the appellant was guilty of violating Section 13 of the Leroy Township Zoning Resolution.

{¶ 10} "[2.] The trial court erred in finding the appellant guilty where the state failed to establish that the zoning resolution in any way advanced a legitimate interest in the health, safety or welfare of the community.

{¶ 11} "[3.] The trial court erred in failing to dismiss the complaint at the conclusion of the state's case."

{¶ 12} Appellant's first assignment of error challenges the weight of the evidence upon which his conviction rests.

{¶ 13} In determining whether the verdict was against the manifest weight of the evidence, the court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Schlee* (Dec. 23, 1994), 11th Dist. No. 93–L–082, 1994 WL 738452.

{¶ 14} The judgment of a trial court should be reversed on a challenge to the evidentiary weight only in those exceptional situations in which the evidence weighs heavily against the conviction. *Grand River v. Dominish,* 11th Dist. No. 2003–L–114, 2004-Ohio-5625, 2004 WL 2376007, at ¶ 22, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.

{¶ 15} Under his first assignment of error, appellant contends that the plain language of the Leroy Township Zoning Resolution precludes a finding of guilty on the complaint in question.

{¶ 16} Section 13.1(1), the provision upon which the complaint was based, requires zoning permits for "[c]onstruction or structural alteration of *any building including accessory buildings or structures.*" (Emphasis added.)

{¶ 17} Section 2 of the Resolution defines an accessory building as "[a] subordinate *building* detached from, but located on the same lot as the principal building, the use of which is incidental and accessory to that of the main building or use." (Emphasis added.) A building is defined as "*[a]ny structure* designed or intended for the support, enclosure, shelter or protection of persons, animals, chattels or property." (Emphasis added.) Further, a structure is defined as "[a]nything constructed or erected, the use of which *requires a fixed location on*

*the ground or attachment to something having a fixed location on the ground."* (Emphasis added.)

{¶ 18} The following conclusions can be drawn from these definitions: An "accessory building" is a "building" and a "building" is a "structure." However, a "structure" requires a fixed location. At trial, the evidence demonstrated that the five buildings upon which Telencio based his allegations were all sitting on the ground, without foundations or footers, and were capable of being moved. Thus, pursuant to the relevant definitions set forth previously, the disputed "edifices" could not be considered buildings or structures under the resolution because they lack an essential attribute, i.e., a fixed location.

{¶ 19} We recognize that R.C. 519.02 permits a township to regulate building and land use, "[f]or the purpose of promoting the public health, safety, and morals, * * * the location, height, bulk, number of stories, and size of buildings and other structures, including tents, cabins, and trailer coaches." However, Section 13.1(1) does not require zoning certificates for any "edifice" that is neither fixed nor without foundation. Because a building is a structure, and a structure must rest upon a fixed location, we hold that, by definition, an accessory building must also rest on a fixed location. In effect, only those "edifices" with a fixed location require a zoning certificate under Section 13.1(1) of the resolution. To the extent the "edifices" in question are mobile or, at least, not "fixed," they are not subject to the requirements of Section 13.1(1).[2] On this basis, the judgment of the trial court finding appellant guilty of violating Section 13.1(1) must be reversed. Hence, appellant's first assignment of error is sustained.

{¶ 20} Appellant's second assignment of error asserts that the trial court erred in failing to find Section 13 of the resolution unconstitutional to the extent the state failed to establish that Section 13 advanced a legitimate interest in the health, safety, or welfare of the community. We disagree.

{¶ 21} A party challenging a zoning regulation must establish, "beyond fair debate":

{¶ 22} "(1) the zoning classification denies them the economically viable use of their land and (2) it does not substantially advance a legitimate interest in the health, safety, or welfare of the community." *Zeltig Land Dev. Corp. v. Bainbridge Twp. Bd. of Trustees* (1991), 75 Ohio App.3d 302, 307, 599 N.E.2d 383; see,

---

2. It is worth noting that, at trial, the prosecutor conceded that one of the five disputed accessory buildings, a trailer, did not need a zoning certificate. While the state did not make any additional concessions, we believe that the mobile nature or lack of fixed foundation places the remaining "edifices" outside the scope of regulation for purposes of Section 13 of the resolution.

also, *Columbia Oldsmobile, Inc. v. Montgomery* (1990), 56 Ohio St.3d 60, 62, 564 N.E.2d 455.

{¶ 23} Zoning provisions enjoy a strong presumption of constitutionality. *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 32, 30 OBR 33, 505 N.E.2d 966. Here, appellant has failed to overcome this presumption to the extent that he has not demonstrated a denial of all reasonable economically viable use of his property. Because a party challenging the constitutionality of a zoning resolution must demonstrate both prongs of the *Columbia Oldsmobile* test, appellant has failed to show, beyond fair debate, that the process of zoning certification under Section 13 of the Zoning Resolution of Leroy Township is unconstitutional. Therefore, appellant's second assignment of error is without merit.

{¶ 24} Appellant's third and final assignment of error alleges that the trial court erred in failing to dismiss the complaint at the conclusion of the state's case. This assignment of error will be construed as a challenge to the sufficiency of the state's evidence. When reviewing a challenge to the sufficiency of the evidence, an appellate court views the evidence and the inferences drawn therefrom in a light most favorable to the state and, in so doing, queries whether any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *Schlee,* supra, 13–14; see, also, *Dominish,* supra, at ¶ 15.

{¶ 25} Because we sustain appellant's first assignment of error on the basis that the provision for which appellant was cited simply does not prohibit the acts or omissions in which appellant was allegedly engaged, we also sustain the instant assignment of error. Because an accessory building must "have a fixed location on the ground," the state failed to meet its evidentiary burden. Because appellant's conviction is based upon inadequate evidence, it is consequently vacated. See, e.g., *State v. Scott,* 8th Dist. No. 83477, 2004-Ohio-4631, 2004 WL 1945660, at ¶ 17. Appellant's final assignment of error has merit.

{¶ 26} For the foregoing reasons, appellant's first and third assignments of error are well taken. Therefore, the judgment of the Painesville Municipal Court convicting appellant of violation(s) under Section 13.1(1) of the Zoning Resolution is reversed and appellant's conviction vacated.

Judgment reversed.

O'NEILL, J., concurs.

O'TOOLE, J., concurs in judgment only.